1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   CAROLYN MARTIN

5

6              UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

8

9  CAROLYN MARTIN,                       CASE NO. C 08-03276 EMC
                                         <u>Civil Rights</u>
        Plaintiff,
10                                       **COMPLAINT FOR
        v.                               PRELIMINARY AND
11                                       PERMANENT INJUNCTIVE
   DAVID V. CRESSON, AS                  RELIEF AND DAMAGES:
12 TRUSTEE OF THE DAVID V.               DENIAL OF CIVIL RIGHTS AND
   CRESSON TRUST AGREEMENT;              ACCESS TO PUBLIC FACILITIES
13 DAVID V. CRESSON, Individually        TO PHYSICALLY DISABLED
   and dba ZABALLA HOUSE; and            PERSONS, (§54, §54.1, §55 CIVIL
14 DOES 1-25, Inclusive,                 CODE; §19955 ff HEALTH &
                                         SAFETY CODE); INJUNCTIVE
15                                       RELIEF PER TITLE III,
        Defendants.                      AMERICANS WITH
16 _____/       DISABILITIES ACT OF 1990, 42
                                         USC §§12181. et. seq.**
17
                                         <u>**DEMAND FOR JURY TRIAL**</u>
18

Complaint for Damages, Injunctive Relief, etc.

Plaintiff CAROLYN MARTIN complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1. Plaintiff Carolyn Martin is a "person with a disability" or "physically handicapped person."[1] Ms. Martin requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the lack of disabled accessible parking, paths of travel, restrooms, guest rooms, signage, and other facilities to Ms. Martin and other disabled persons at the Zaballa House Bed & Breakfast hotel, 326 Main Street, Half Moon Bay California (hereafter the "hotel") and the common area parking and shopping center of which it is a part. Ms. Martin was denied equal protection of the law and was denied Civil Rights under California law and federal law. Ms. Martin was denied her rights to full and equal access at the hotel because it was not, and is not now, a facility properly accessible to physically disabled persons such as Ms. Martin who use wheelchairs. Ms. Martin seeks injunctive relief to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to stay at the hotel and to use the facilities will be provided full and equal access as required by federal and state disabled access laws and regulations. Ms. Martin also seeks recovery of damages for her personal injuries and discriminatory experiences and denial of access, which is continuing as a result of Defendant's failure to provide

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

accessible facilities, and seeks recovery of reasonable statutory attorneys' fees, litigation expenses and costs.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. Martin's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Ms. Martin's causes of action arose in this intradistrict.

6. **PARTIES:** Defendants are the owners, operators, lessors, and/or lessees of the property and/or buildings which are the subject of this lawsuit. The property and buildings each are a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code §54, et seq. On information and belief, such buildings and facility have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per §19955-19959, et. seq. Health & Safety Code.

7. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Ms. Martin who therefore sues said Defendants by such fictitious names; Ms. Martin is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby

Complaint for Damages, Injunctive Relief, etc.                -2-

1  to Ms. Martin. Ms. Martin prays leave of Court to amend this Complaint to show
2  such true names and capacities when the same have been ascertained.

3      8.    Defendants and DOES 1-25, Inclusive, are and were the owners,
4  operators, lessors, and/or lessees of the subject property and/or building at all times
5  relevant to this Complaint. Ms. Martin is informed and believes that each of the
6  Defendants herein is the agent, employee or representative of each of the other
7  Defendants, and performed all acts and omissions stated herein within the scope of
8  such agency or employment or representative capacity and is responsible in some
9  manner for the acts and omissions of the other Defendants in proximately causing
10 the damages complained of herein.

11     9.    Ms. Martin and other similarly situated physically disabled persons
12 with mobility disabilities are unable to use public facilities on a "full and equal"
13 basis unless each such facility is in compliance with the provisions of California
14 Health & Safety Code §19955 et. seq. Ms. Martin is a member of that portion of the
15 public whose rights are protected by the provisions of said Health & Safety Code.

16     10.    California Health & Safety Code §§19955 and 19955.5 were enacted
17 "To ensure that public accommodations or facilities constructed in this state with
18 private funds adhere to the provisions of Chapter 7 (commencing with §4450) of
19 Division 5 of Title 1 of the Government Code." Such public accommodations also
20 require that "When sanitary facilities are made available for the public, clients, or
21 employees ..., they shall be made available for persons with disabilities." Title 24,
22 California Code of Regulations, formerly known as the California Administrative
23 Code, was in effect at the time of new construction and each alteration which, on
24 information and belief, occurred at such public facility since July 1, 1982, thus
25 requiring access complying with the specifications of Title 24 whenever each such
26 new construction or "alteration, structural repair or addition" was carried out. On
27 information and belief, Defendants have carried out new construction or alterations,
28 structural repairs, or additions to the building during the period Title 24 has been in

1 effect. On information and belief, alterations, structural repairs, or additions which
2 triggered access requirements also occurred between July 1, 1970 and July 1, 1982,
3 and required access pursuant to the A.S.A. (American Standards Association)
4 Regulations then in effect, pursuant to the incorporated provisions of §4450ff
5 Government Code.

6     11.    On January 19, 2008 Ms. Martin, who requires the use of a wheelchair
7 for mobility, and her care giver arrived in Half Moon Bay. While on Main Street,
8 Ms. Martin wished to inquire at the hotel for overnight accommodations for herself
9 and her care giver. Because the hotel had a substantial vertical change in elevation
10 at the entry door to the hotel, Ms. Martin was not able to gain entry to the hotel.
11 Consequently, Ms. Martin's care giver entered the hotel in her stead, asked the
12 person on duty as to the availability of rooms for persons with disabilities who
13 required the use of wheelchairs, and was told that the hotel did not contain any
14 rooms that were accessible to persons in wheelchairs.

15     15.    On information and belief, this public accommodation and the common
16 areas of which it is a part is inaccessible to persons with disabilities in numerous
17 other respects, including but not limited to the following: lack of minimum depth
18 of 48 inches from the first entry door to the hotel to the second entry door when
19 opened 90 degrees; lack of knob hardware on the interior entry door to the hotel;
20 lack of a 10 inch high solid rail on the push side of the interior entry door; lack of
21 proper parking for persons with disabilities, including but not necessarily limited to
22 curb ramps that project into the access aisle and an access aisle located on the
23 driver's side of the vehicle; lack of proper public restrooms in the common area of
24 which the hotel is a part, including but not necessarily limited to lack of grab bars
25 and lack of insulation under the lavatory; lack of proper path of travel to the
26 common area patio; and lack of proper signage  The facilities should be brought
27 into compliance with all applicable code requirements.

28     16.    Further, any violation of the Americans With Disabilities Act of 1990,

Complaint for Damages, Injunctive Relief, etc.    -4-

1  (as pled in the Second Cause of Action hereinbelow, the contents of which are
2  repled and incorporated herein, word for word, as if separately repled), also
3  constitutes a violation of §54(c) California Civil Code, thus independently justifying
4  an award of damages and injunctive relief pursuant to California law, including but
5  not limited to §§54.3 and 55 Civil Code.

6      17.  Further, any violation of the Americans With Disabilities Act of 1990,
7  (as pled in the Second Cause of Action hereinbelow, the contents of which are
8  repled and incorporated herein, word for word, as if separately repled), also
9  constitutes a violation of §54.1(d) California Civil Code, thus independently
10 justifying an award of damages and injunctive relief pursuant to California law,
11 including but not limited to §§54.3 and 55 Civil Code.

12     18.  **INJUNCTIVE RELIEF:** Ms. Martin seeks injunctive relief to require
13 that Defendants remove all barriers to disabled access, to require that Defendants
14 make the hotel and its facilities and common areas fully accessible to disabled
15 persons, and to prohibit the acts and omissions of Defendants as complained of
16 herein which are continuing on a day-to-day basis and which have the effect of
17 wrongfully excluding Ms. Martin and other members of the public who are
18 physically disabled wheelchair users from full and equal access to that public
19 facility.  Such acts and omissions are the cause of humiliation and mental and
20 emotional suffering of Ms. Martin in that these actions continue to treat Ms. Martin
21 as an inferior and second class citizen and serve to discriminate against her on the
22 basis that she is a person with disabilities and requires the use of a wheelchair for
23 movement in public places; Ms. Martin, who wishes to return to the hotel and the
24 common areas of which it is a part, is deterred from doing so as long as such acts
25 and omissions of Defendants continue and as long as the property and premises
26 remain inaccessible to her.  Ms. Martin intends to return to the hotel once the
27 defendants remove all barriers which deny Ms. Martin full and equal access and
28 make the hotel accessible to disabled persons such as Ms. Martin as required by

federal and state disabled access laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Martin if not enjoined.

19. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Ms. Martin suffered a violation of her Civil Rights, including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered personal injuries, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Ms. Martin on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to stay in the hotel, use the hotel and its facilities, and use the common areas on a full and equal basis as other persons. Ms. Martin also seeks trebling of all actual damages, as provided by §54.3 Civil Code.

20. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Ms. Martin has been required to incur statutory attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Ms. Martin's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Ms. Martin therefore seeks recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to the provisions of §§54.3 and 55 Civil Code. Additionally, Ms. Martin's lawsuit is intended not only to obtain compensation for damages to Ms. Martin, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other law.

21. Wherefore Ms. Martin asks this court to preliminarily and permanently

1  enjoin any continuing refusal by Defendants to grant full and equal access to Ms.
2  Martin and to require Defendants to comply forthwith with the applicable statutory
3  requirements relating to access for disabled persons.  Such injunctive relief is
4  provided by §19953 Health & Safety Code and California Civil Code §55,  and
5  other law.  Ms. Martin further requests that the court award damages pursuant to
6  Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs
7  pursuant to §19953 Health & Safety Code,  Civil Code §54.3 and 55,  Code of Civil
8  Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Ms. Martin prays for relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

22.   Ms. Martin repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23.   Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ." As of ten (10) years later, the number of "qualified" disabled persons protected by the ADA exceeds fifty (50)

million.

24.  Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25.  As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Defendants are "private entities" which are considered "public accommodations" for purposes of this title.

26.  Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.  Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is

readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28.  The removal of each of the barriers complained of by Ms. Martin as hereinabove alleged were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, and on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA and §19959 California Health and Safety Code.

29.  On information and belief, as of the dates of Ms. Martin's encounter at the premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to Ms. Martin and to other disabled wheelchair users in other respects, which violated Ms. Martin's rights to full and equal access and which discriminated against Ms. Martin on the basis of her disability, thus wrongfully denying to Ms. Martin the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

30.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Martin is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Martin is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation

of §302 and §303. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Martin and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31. Ms. Martin seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Martin is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises. Ms. Martin also seeks recovery of reasonable attorneys' fees pursuant to section 505 of the ADA.

Wherefore Ms. Martin prays for relief as hereinafter stated:

### **PRAYER**

Ms. Martin prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each and every barrier to disabled access is removed and so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities accessible to and usable by Ms. Martin and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and

1 maintenance of inaccessible public facilities as complained of herein no longer
2 occur, and can not recur;
3     3.    Award to Ms. Martin all appropriate damages, including but not limited
4 to statutory damages, general damages and treble damages in an amount within the
5 jurisdiction of the Court, all according to proof;
6     4.    Award to Ms. Martin all reasonable attorneys' fees, litigation expenses,
7 and costs of this proceeding as provided by law; and
8     5.    Grant such other and further relief as this Court may deem just and
9 proper.

Dated: 7/8/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By /s/ Sidney J. Cohen
_____
Sidney J. Cohen
Attorney for Plaintiff Carolyn Martin

### **DEMAND FOR JURY TRIAL**

Ms. Martin hereby demands a jury for all claims for which a jury is permitted.

Dated: 7/8/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By /s/ Sidney J. Cohen
_____
Sidney J. Cohen
Attorney for Plaintiff
Carolyn Martin